# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| LEILA BACHIROU, ) | |
| ) | Civil Action No. |
| Plaintiff, ) | |
| v. ) | |
| ) | JURY TRIAL DEMANDED |
| SERVCORP US HOLDINGS, INC., ) | |
| ) | |
| Defendant. ) | |
| ) | |
| _____ ) | |

## COMPLAINT FOR DAMAGES

COMES NOW, Plaintiff Leila Bachirou ("Plaintiff") and files this Complaint against Defendant Servcorp US Holdings, Inc. ("Defendant"), and shows the following:

### I.   Nature of Complaint

1.

Plaintiff brings this action to obtain full and complete relief and to redress the unlawful employment practices described herein.

2.

This action seeks declaratory relief, liquidated and actual damages, along with attorneys' fees and costs, for Defendant's failure to pay federally mandated overtime wages to Plaintiff in violation of the Fair Labor Standards Act of 1938, as

amended, 29 U.S.C. §201 *et seq*. (hereinafter the "FLSA") during Plaintiff's employment with Defendant.

## II.   Jurisdiction and Venue

3.

The jurisdiction of this Court is invoked pursuant to 29 U.S.C. §216(b), and 28 U.S.C. §1331.

4.

Defendant is a foreign corporation organized under the laws of Delaware and authorized to do business in Georgia.  Defendant's principal office is located at 3333 Piedmont Rd., Suite 2050, Atlanta, GA 30305, where it conducts business within this district.

5.

Because a substantial part of the acts and omissions that give rise to Plaintiff's claims occurred in this district, venue in this Court is proper pursuant to 28 U.S.C. §1367.

## III.   Parties and Facts

6.

Plaintiff is a resident of the State of Georgia.

7.

Plaintiff has been employed by Defendant since approximately June 2011 with the job title "Staff Accountant / Accounts Payable clerk."

8.

Throughout Plaintiff's employment with Defendant, Plaintiff's primary duty was non-exempt work, specifically completing payments and verifying expenses by receiving, processing, and reconciling invoices.

9.

Plaintiff supervised no employees and exercised minimal discretion in the performance of her duties.

10.

From the beginning of her employment, Plaintiff was paid on a salary basis without overtime compensation, calculated at one and one-half times her regular rate for the hours she worked in excess of 40 in any given workweek.

11.

Plaintiff regularly worked more than 40 hours in given workweeks and was not paid the overtime wage differential for the hours she worked in excess of 40 in workweeks.

12.

Defendant knew or had reason to know that Plaintiff regularly worked in excess of 40 hours in workweeks without overtime compensation.

13.

Throughout Plaintiff's employment in which she was paid on a salary basis, Defendant misclassified Plaintiff as exempt from overtime.

14.

On May 9, 2019, ServCorp terminated Plaintiff's employment.

## **Count I**

## **Violations of the Fair Labor Standards Act.**

15.

Plaintiff repeats and re-alleges each and every allegation contained in the preceding paragraphs of this Complaint with the same force and effect as if set forth herein.

16.

Plaintiff was an "employee" of Defendant, as that term has been by the FLSA, 29 U.S.C. §203(e).

17.

Defendant is an "employer" as that term has been defined by the FLSA, 29 U.S.C. §203(d).

18.

Defendant is governed by and subject to the FLSA, 29 U.S.C. §204 and §207.

19.

Defendant failed to pay Plaintiff the overtime wage differential required by the FLSA, 29 U.S.C. §207 on occasions that Plaintiff worked over forty (40) hours in a workweek.

20.

Defendant has violated the FLSA, 29 U.S.C. §207, by failing to pay overtime wages for time that Plaintiff worked in excess of forty (40) hours in given workweeks.

21.

Pursuant to the FLSA, 29 U.S.C. §216, Plaintiff brings this lawsuit to recover unpaid overtime wages, liquidated damages in an equal amount, attorneys' fees, and the costs of this litigation.

22.

Defendant knew or showed reckless disregard for the fact its actions, policies, and/or omissions violated the FLSA.

## IV.   Prayer for Relief

**WHEREFORE**, Plaintiff respectfully requests that this Court:

(A)   Grant Plaintiff a trial by jury as to all triable issues of fact;

(B)   Enter judgment awarding Plaintiff unpaid wages pursuant to the FLSA, 29 U.S.C. §207, FLSA § 6, 29 U.S.C. § 206(d), liquidated damages as provided by 29 U.S.C. §216, pre-judgment interest on unpaid wages pursuant to 29 U.S.C. §216, and court costs, expert witness fees, reasonable attorneys' fees as provided by 29 U.S.C. §216, and all other remedies allowed under the FLSA;

(C)   Permit Plaintiff to amend her Complaint to add state law claims if necessary;

(D)   Award Plaintiff such further and additional relief as may be just and appropriate.

Respectfully submitted, this 8th day of August, 2019.

**BARRETT & FARAHANY**

*/s/ Ian E. Smith*
Ian E. Smith
Georgia Bar No. 661492
*Attorney for Plaintiff*

1100 Peachtree Street
Suite 500
Atlanta, GA 30309
Telephone: (404) 214-0120
Facsimile: (404) 214-0125
iesmith@justiceatwork.com